# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID ADKINS,**
**Claimant Below, Petitioner**

FILED
July 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1431**   (BOR Appeal No. 2045922)
(Claim No. 2010112647)

**A. T. MASSEY COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Adkins, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A. T. Massey Coal Company, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 19, 2011, in which the Board affirmed a May 6, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 10, 2010, decision denying the reopening of the claim for temporary total disability benefits and the January 7, 2011, decision denying a request for further medical treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adkins suffered an injury when he was hit by coal and top rock and knocked down while washing out a silo with water to unplug it. The claim was originally held compensable for unspecified contusion of the eyeball and laceration of the eyelid. On October 12, 2009, the following were added as compensable components: effusion of joint or lower extremity, sprain/strain of lumbar region, sprain/strain of neck, and open wound of forehead. The diagnosis of effusion of the knee was only allowed until the MRI (of the knee) report was received.

1

The Office of Judges affirmed the claims administrator's September 10, 2010, decision denying a petition to reopen the claim for temporary total disability benefits and its January 7, 2011, decision denying a request for further office visits. On appeal, Mr. Adkins disagrees and asserts that he has established by a preponderance of the evidence that he has not reached maximum medical improvement and was temporarily and totally disabled from May 20, 2010, to December 12, 2010, because his preexisting conditions were aggravated as a result of the work-related injury he sustained on August 5, 2009. A. T. Massey Coal Company maintains that Mr. Adkins failed to prove by a preponderance of the evidence that there was an aggravation or progression of his compensable condition entitling him to a reopening for additional temporary total disability benefits or office treatment.

The Office of Judges concluded that a prior Office of Judges' Order dated April 29, 2011, found the conditions for which Mr. Adkins is seeking a reopening for temporary total disability benefits are not compensable. The Office of Judges stated that these conditions are degenerative spinal disease and other degenerative conditions that did not appear until several months after the date of the compensable injury. The Office of Judges held that a reopening for temporary total disability benefits is inappropriate.

The Office of Judges concluded that the requested office visits are for conditions which are degenerative in nature and are not compensable. Therefore, it affirmed the denial of the request for office visits. Ultimately, the Office of Judges held that Mr. Adkins is not entitled to a reopening for temporary total disability benefits or the requested treatment because the request concerns conditions which have been found to be unrelated to his compensable injuries. The Board of Review reached the same reasoned conclusions in its decision of September 19, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 11, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Chief Justice Brent D. Benjamin, Disqualified

2